

**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

July 28, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Barry Blair George, Esq.
1419 Bull Street
Columbia, SC 29201

RE:   Ryans v. Wal-Mart Stores East, LP
      3:18-cv-00910-MGL

Dear Mr. George:

I have been contacted by Judge Mary G. Lewis who presided over the above-mentioned case. Judge Lewis informed me that it has been brought to her attention that while she presided over this case, she owned stock in Wal-Mart, Inc. Her ownership of stock neither affected nor impacted any decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Lewis directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Lewis's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 9, 2021. Any response will be considered by another judge of this court without the participation of Judge Lewis.

Sincerely,

Robin L Blume

Robin L. Blume
Clerk of Court



**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

July 28, 2021

ROBIN L. BLUME
CLERK OF COURT

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Gary Walton Popwell, Jr., Esq.
Lee Eadon Isgett and Popwell
P. O. Box 1505
Columbia, SC 29202

    RE:    Ryans v. Wal-Mart Stores East, LP
              3:18-cv-00910-MGL

Dear Mr. Popwell:

I have been contacted by Judge Mary G. Lewis who presided over the above-mentioned case. Judge Lewis informed me that it has been brought to her attention that while she presided over this case, she owned stock in Wal-Mart, Inc. Her ownership of stock neither affected nor impacted any decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Lewis directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Lewis's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 9, 2021. Any response will be considered by another judge of this court without the participation of Judge Lewis.

Sincerely,

*Robin E Blume*

Robin L. Blume
Clerk of Court



**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

July 28, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Paige Blair George, Esq.
Barry B. George Law Office
1419 Bull Street
Columbia, SC 29201

RE:   Ryans v. Wal-Mart Stores East, LP
      3:18-cv-00910-MGL

Dear Ms. George:

I have been contacted by Judge Mary G. Lewis who presided over the above-mentioned case. Judge Lewis informed me that it has been brought to her attention that while she presided over this case, she owned stock in Wal-Mart, Inc. Her ownership of stock neither affected nor impacted any decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Lewis directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Lewis's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 9, 2021. Any response will be considered by another judge of this court without the participation of Judge Lewis.

Sincerely,

*Robin L Blume*

Robin L. Blume
Clerk of Court



**ROBIN L. BLUME**
CLERK OF COURT

**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

July 28, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Lee Ellen Bagley, Esq.
Crowe LaFave LLC
P. O. Box 1149
Columbia, SC 29202

    RE:    Ryans v. Wal-Mart Stores East, LP
               3:18-cv-00910-MGL

Dear Ms. Bagley:

    I have been contacted by Judge Mary G. Lewis who presided over the above-mentioned case. Judge Lewis informed me that it has been brought to her attention that while she presided over this case, she owned stock in Wal-Mart, Inc. Her ownership of stock neither affected nor impacted any decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Lewis directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Lewis's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 9, 2021. Any response will be considered by another judge of this court without the participation of Judge Lewis.

Sincerely,

*Robin L. Blume*

Robin L. Blume
Clerk of Court



**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

MATTHEW J. PERRY, JR., FEDERAL COURTHOUSE
901 RICHLAND STREET
COLUMBIA, SOUTH CAROLINA 29201

ROBIN L. BLUME
CLERK OF COURT

July 28, 2021

TELEPHONE (803) 765-5789
FAX (803) 765-5469

Randi Lynn Roberts, Esq.
Gaffney Lewis LLC
3700 Forest Drive, Suite 400
Columbia, SC 29204

    RE:    Ryans v. Wal-Mart Stores East, LP
              3:18-cv-00910-MGL

Dear Ms. Roberts:

    I have been contacted by Judge Mary G. Lewis who presided over the above-mentioned case. Judge Lewis informed me that it has been brought to her attention that while she presided over this case, she owned stock in Wal-Mart, Inc. Her ownership of stock neither affected nor impacted any decisions in this case. However, her stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Lewis directed that I notify the parties of the conflict.

    Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

    With Advisory Opinion 71 in mind, you are invited to respond to Judge Lewis's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 9, 2021. Any response will be considered by another judge of this court without the participation of Judge Lewis.

Sincerely,

*Robin L Blume*

Robin L. Blume
Clerk of Court